Juan Benítez-Gómez, Plaintiff and Appellant, v. Tomasa Calzada-Bonano, Defendant and Appellee.

No. 3761.   Argued May 4, 1926.—Decided May 5, 1927.

*Juan de Guzmán Benítez* for the appellant.   *Adolfo García Veve* and *Juan B. Soto* for the appellee.

Mr. Justice Aldrey delivered the opinion of the court.

The following are the facts on which shall be based a decision in the appeal taken by the appellant from a judgment dismissing his complaint:

By public deed No. 2 of February 1, 1924, Tomasa Calzada Bonano and Juan Benítez Gómez entered into a contract by which the former hired the services of the latter to manage the properties belonging to her and to her minor children for the term of six years for the consideration of

eighteen percent of the income from the properties to be paid monthly. It was stated in the deed that the powers and authority to be exercised by the manager would be specified in a power of attorney to be granted by Tomasa Calzada Bonano on the same date and that he would carry out the management in accordance therewith.

On the same date and before the same notary, she executed deed No. 3 in which, after referring to the former contract and defining clearly the authority given to Juan Benítez Gómez as manager of the aforesaid properties, she gave him very ample powers for the management of the properties belonging to her and to her minor children.

Juan Benítez Gómez managed, under the above deeds, the properties in question during the months of February, March and April of 1924 and received monthly the compensation stipulated; but on the last month Tomasa Calzada Bonano revoked the power which she had given to Juan Benítez Gómez and the management of the properties was handed over to another person. Although in the deed revoking the power no mention is made of any reason for such decision, something had happened, however, which displeased Tomasa Calzada Bonano, and it was the marriage of her daughter of eighteen years of age to the said Juan Benítez Gómez.

Thereupon Juan Benítez Gómez sued Tomasa Calzada Bonano for the sum of $23,573.40 as his compensation for the management until the expiration of the contract for his services and legal interest thereon at the rate of $345 monthly and payable at the end of each month from the last of May and so on until payment thereof.

The plaintiff in his appeal alleges, among others, three grounds referring to the legal fundamental question in this suit and which may be considered jointly. They are as follows:

"III.—The court erred in declaring that it appeared from an examination of the deeds of hiring of services and of power of attorney

that the legal relation between the plaintiff and the defendant was the same as that between principal and agent.

"IV.—The court erred in declaring that the principal contract and substantially the only one between the parties was that of the hiring of services and that the power of attorney was only accessory to the former.

"V.—The court erred in holding that the defendant was entitled to revoke the agency given by her to the plaintiff defining his functions in the performance of the contract for his services."

The theory of the appellant in this appeal is that though an agency may be terminated at the pleasure of the principal, it can not be terminated in that manner when it is subsidiary to another and principal contract such as the hiring of services for a definite length of time and compensation, as is the case here.

Our Civil Code defines agency as a contract by which a person binds himself to render some service or to do something for the account or at the request of another; that in the absence of an agreement to the contrary the agency is presumed to be gratuitous; and that one of the manners of terminating an agency is by revocation. Sections 1611, 1613 and 1634. Therefore, under our present laws, the agency may be for a compensation and may be revoked even if compensated for by an agreement or by the presumption of being so where the agent has for an occupation the performance of services of the kind to which the agency refers. The ground for the revocability of the agency is that the latter is an extension of the personality of the principal, because the agent acts for the account and at the request of the principal and this constitutes at the same time an act of trust. In this connection Manresa, in his Commentaries on the Spanish Civil Code, when dealing with section 1732 thereof which is the equivalent to section 1634 of our code, says:

"According to section 1732 one of the manners by which an agency may be terminated is by revocation of the power granted. That is to say, once the juridical relation has been created by the

consent of the parties, the *will* of either will be sufficient to terminate the agency. Such *will* when exercised by the principal is called *revocation*. This means an exception to the general principles, and it rests on the fact that as the representation and trust are the main bases of the contract, it must be the will of the principal which must put an end to such representation. Furthermore, this being an act of trust, it must logically cease when the trust disappears. Were it otherwise the nature of the contract would be changed, turning the agency into a real conveyance of the personality, into something which is at variance with the principles of modern jurisprudence, and which would mean, if continued with that character of irrevocability, a survival of the servitude of the medieval *behetrias*. That is why, no doubt, eminent authors and civil law writers consider the irrevocability as an essential element of the agency and, forbidding any stipulation to the contrary as opposed to its nature, they consider as axiomatic the maxim of *Finita voluntatae, finitum est mandatum*. Holding identical views, Bertier said: 'that when a man trusts another with his property, the duration of the agency is understood to last as long as his confidence, because the principal does not part either in perpetuity or even for a certain time with the full exercise of his rights, the agency terminating whenever the principal makes up his mind to notify his will in that respect to his agent without the latter having any right to oppose it.' This absolute concept of the revocability is categorically explained by section 1733 which provides that the principal may revoke the agency at will." Vol. XI, pages 556, 557.

It is true that, notwithstanding the right to revoke provided by the code, some commentators admit exceptions to the right to revoke the agency, Manresa himself saying that when the agency has been given in the interest of the principal and of a third person, or of the principal and agent alike, or when the agency is embodied in a clause of a symallagmatic contract, that is to say, that it is embodied in any other agreement subsidiary thereto, it shall not be revoked except by mutual dissent and it shall be governed by the principles established in this respect in the principal contract to which it is subsidiary. Likewise Sánchez Román says that an apparent exception may be an agreement not to revoke resulting from an obligation contracted by the

principal or principals, when several, among themselves, or with a third person other than the agent, by virtue of which and in order to carry out a contractual obligation, bilateral or plurilateral, of common interest, of which the granting of an agency forms a more or less principal part, the parties thereto bind themselves not to revoke such agency until the consummation of the capital purposes of the agreement, for the reason that such agency has been constituted for the benefit not only of the principal or principals but of all of them in regard to each other or of the principal who bound himself to a third party not to revoke for a consideration.

The Civil Code which sets down the principle of the revocability of the agency does not contain exceptions to that rule and whether the cases mentioned by the commentators quoted are exceptions thereto is a question which we need not consider at present because from an examination made by us of the documents used by the appellant for his contention we are convinced that the present case is not included in any of those established by the aforesaid authors as exceptions to the legal precept.

The appellant alleges that there is here a principal contract, which is the contract of lease, to which the agency is a subsidiary contract, but we do not agree to that because though two contracts were executed there was really a contract of agency by which the appellee gave her representation to the appellant to render his services in the management of her property and that of her minor children for a certain compensation agreed upon. Such an agency was necessary for the agent to carry out the management of the property, and this was also shown by the fact that the separate document regarding the hiring of services was made dependent on the powers to be granted to him in the contract of agency, thus showing that the latter and not the contract of the hiring of services was the principal contract. This is also shown by the fact that a single instrument could have been executed embodying the agency, the consideration there-

for and the length of time for which it had been executed without this last stipulation being an obstacle to the revocation of the agency in view of its legal nature and the provisions of section 1634 already quoted and which grants to the principal the right to revoke the agency without regard to whether it is gratuitous or otherwise, notwithstanding the knowledge on the part of the legislators that the agency may be for a compensation and of having established the case where it is supposed to be compensated for; and as the law makes no distinction we can not make any.

Let us quote Manresa in this connection. He says:

"Another question that can be raised is whether there is any distinction for the purpose of revocation between a gratuitous agency and that for a compensation. Modern civil law writers are unanimous in asserting that in the case of a gratuitous agency there is no doubt whatever that the will of the principal is sufficiently powerful to terminate the contract; but in the case of an agency for a compensation, as happens in the majority of cases nowadays, an injustice would be apparent because it is not only a question of considering the interests and the benefit of the principal but of breaking a stipulation and prejudicing the agent.

"For those like us who profess the principle that where the law makes no distinction there is no room to distinguish, the question does not offer any doubt from the legal point of view. Section 1733 unreservedly provides that the principal may revoke the agency *at will,* and therefore it makes no difference whether the agency is gratuitous or for a consideration. Once the correctness of this construction is admitted, the question comes up as to whether the agent is entitled to compensation for the injury suffered by the termination of the agency. From the strict legal point it seems that he should not be, because no compensation for the injury sustained by an agent could be demanded, for the legal exercise of a right by the principal; but equity may recommend such compensation, as some foreign jurisprudence has acknowledged. However, from the point of view of positive law, the only one to be recognized by the courts, such acknowledgment is of no consequence, because it would amount to taking the question from the positive law to the constituent law, from what it is to what it should be." 11 Manresa, Spanish Civ. Code, pages 558, 559.

Indeed, the document in regard to the hiring of services does not constitute a contract independent from that of agency, nor is it principal to the latter, because it depended on the powers to be granted in the contract of agency and therefore although it set a time for its duration it could not change the rule of the revocability of the agency so as to establish the conclusion that the appellee had conveyed her personality for a certain number of years. Therefore, we have to come to the conclusion that the judgment appealed from must be affirmed.